## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT ALLEN FAY, | : | No. 3:10cv1384 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DOMINION TRANSMISSION, INC., | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| FRED J. ROBBINS, SR. and | : | No. 3:10cv1381 |
| MARY ROBBINS, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| DOMINION TRANSMISSION, INC., | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM AND ORDER

Before the court are defendant's motions partially to dismiss the instant complaints.  Having been fully briefed and argued, the matters are ripe for disposition.

**Background**

These cases arises from a dispute about the storage of natural gas underneath land owned by the plaintiff.  As to the action filed by Plaintiff Scott Allen Fay, Defendant Dominion Transmission, Inc. owns and operates underground gas storage fields in Tioga County, Pennsylvania, where plaintiff resides.  (Amended

Complaint (Doc. 12 in No. 10cv1384) at ¶¶ 6-7).  One of the fields here in question is known in the industry as the "Tioga Field."  (Id. at ¶¶ 7-8).  The second of the fields in question is known as the "Meeker Field."  (Id. at ¶¶ 9-10).  Plaintiff contends that defendant has stored and continues to store natural gas in or underneath plaintiff's real property and on properties adjacent to plaintiff's land.  (Id. at ¶¶ 11-14).

Fay alleges that natural gas storage facilities are surrounded by "buffer zones;" no natural gas can be extracted from such zones without interfering with the operation of the storage fields.  (Id. at ¶ 17).  Extracting natural gas from land within a "buffer zone" is "not commercially practical" for gas companies.  (Id. at ¶ 18). Plaintiff contends that the Pennsylvania Oil and Gas Act, 58 P.S. § 601.101, et seq., "contemplates the existence of buffer zones around underground gas storage fields." (Id. at ¶ 16).  The buffer zone surrounding one or more of defendant's fields in Tioga county storage facilities includes all or part of plaintiff's real property.  (Id. at ¶ 19). Because of these buffer zones, plaintiff has been prevented from entering into a lease for the natural gas deposits located under the plaintiff's real property or an agreement to store gas on the property.  (Id. at ¶¶ 20-21).

Fay also alleges that the defendant's gas storage operations have resulted in chemical and heaving metal contamination, including contamination from arsenic, to his property.  (Id. at ¶ 22).  Defendant's operations have also allegedly contaminated plaintiff's water supply.  (Id. at ¶ 23).

Plaintiffs Fred and Mary Robbins own real property located at 1432 Tower Hill

2

Road, Tioga, Pennsylvania.  (Case No. 10cv1381, First Amended Compl. (Doc. 14) at ¶ 4).  Defendant is the owner and operator of several underground storage fields in Tioga County, Pennsylvania.  (Id. ¶¶ 7, 8, 9, 10).  Included in their operations are the Meeker Field and the Tioga Field.  (Id.)  Defendant has stored, and continues to store, natural gas in or under plaintiffs' real estate and on property adjacent to the plaintiffs' real estate.  (Id. at ¶¶ 11 - 14).

Like Fay, the Robbins allege that the buffer zone around defendant's storage field prevents them from entering into a commercially reasonable lease or other agreement for the exploration, extraction and collection of natural gas deposits located on their property.  (Id. ¶ 20).  Additionally, the defendant's gas storage operations have led to the contamination of plaintiffs' property and groundwater supply with heavy metal contamination, including arsenic.  (Id. ¶¶ 22 - 23).

Fay and the Robbins filed complaints in the Court of Common Pleas of Tioga County, Pennsylvania on June 10, 2010.  (See Doc. 1-2 in No. 10cv1381 and 10cv10384).  Defendant removed the cases to this court and filed motions to dismiss.  After defendant filed a brief in support of that motion, the plaintiffs filed motions to amend the complaint, which the court granted.

The two complaints are nearly identical.  The court will describe Fay's complaint for convenience.  The complaint contains fourteen counts.  Count I alleges trespass based on defendant's alleged negligence in placing natural gas storage facilities underneath plaintiff's land.  Count II alleges trespass in the defendant's

negligent creation of a "buffer zone" around plaintiff's property that encompassed all of plaintiff's land.  Counts III and IV allege unjust enrichment through plaintiff's unauthorized use of plaintiff's land and the buffer zone around that land for gas storage.  Counts V and VI claim conversion through defendant's allegedly improper use of plaintiff's land for storage and as a buffer zone.  Count VII contends that defendant's storage of natural gas on plaintiff's land led to a chemical contamination of the surface of plaintiff's property and thus amounted to a chemical trespass. Count VIII raises a claim for private nuisance as a result of defendant's unauthorized use of plaintiff's land for gas storage.  Count IX is a claim for negligence based on defendant's alleged contamination of plaintiff's property.  Count XI[1] seeks strict liability for defendant's alleged contamination of plaintiff's property.  Count XIII[2] alleges that any claim made by defendant of a right to store natural gas under plaintiff's real property constitutes a taking under the Pennsylvania Eminent Domain Code.  Count XIV claims that defendant's claimed right to store natural gas under plaintiff's real property constitutes a taking in violation of the Fifth Amendment of the United States Constitution.  Count XV is a claim that defendant's alleged contamination of plaintiff's property constitutes a violation of the right to pure water guaranteed in the Pennsylvania Constitution.

The defendant moved to dismiss the amended complaint as well, and the

---

[1]Plaintiff's amended complaint strikes Count X.

[2]Plaintiff's amended complaint strikes Count XII.

parties briefed the issues, bringing the case to its present posture.

## Jurisdiction

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Plaintiffs are Pennsylvania citizens.  The defendant is a West Virginia Corporation with its principal place of business in that state.  The defendant is the subsidiary of a Virginia Corporation.  The amount in controversy exceeds $75,000.  Because the court is sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

## Legal Standard

Defendant seeks dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   Rule 12(b)(1) mandates dismissal of the complaint when the court "lack[s] subject-matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  Defendant's motion pursuant to Rule 12(b)(1) contends that some of plaintiff's claims are not ripe, and thus not justiciable.  In determining whether the court has subject-matter jurisdiction, the court must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."  Taliaferro v. Darby Township Zoning Board, 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted).  "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" Turicentro v. American Airlines, 303 F.3d 293, 300 n.7 (3d Cir. 2002).  A facial attack serves to "contest the

sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id. If the attack is factual, the court "accord's plaintiff's allegations no presumption of truth.  In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. Defendant asserts that this factual standard applies.

When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)).  The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard

which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a

showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the

speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the conduct alleged."  Id.

## Discussion

Defendants' motions to dismiss contend that most of plaintiffs' complaints

should be dismissed because plaintiffs' sole remedy for these matters lies in the

Pennsylvania Eminent Domain Code.  Only the portion of the complaint brought

pursuant to the Eminent Domain Code should proceed to discovery.  The

Pennsylvania Eminent Domain Code establishes that "[t]his title provides a complete

and exclusive procedure and law to govern all condemnations for public purposes

and the assessment of damages."  26 Pa. C.S.A. § 102(a).  If the action complained

of amounts to a *de facto* taking, then the eminent domain code applies as the

appropriate remedy.  Enon Valley Tel. Co. v.  Market, 493 A.2d 800, 802 (Pa.

Commw. Ct. 1985).  "A *de facto* condemnation occurs when an entity clothed with

the power of eminent domain substantially deprives an owner of the use and

enjoyment of his property." <u>Id.</u> at 802.   "The landowner must establish that the deprivation was the direct and necessary consequence of the entity's action." <u>Dickson City v. Malley</u>, 503 A.2d 1035, 1036 (Pa. Commw. Ct. 1986).

At oral argument on the Fay matter, the plaintiff conceded that these matters should proceed under the Eminent Domain Code only.  Fay's counsel, who also represents Fred and Mary Robbins, stated that "I believe the Eminent Domain Code" controls.  (Transcript of Proceedings Held June 16, 2011 (Doc. 26) at 13).  The cases, counsel agreed, "should be proceeded on that basis," and "[n]othing else." (<u>Id.</u> at 14, 15).  Plaintiffs could be "made whole" through proceedings pursuant to the Eminent Domain Code.  (<u>Id.</u> at 15).  Counsel also affirmed that the Eminent Domain Code provides the sole remedy for the Robbins's case as well.  (<u>Id.</u>).

Defendant's motions to dismiss seek dismissal of all claims except the claim brought pursuant to the Eminent Domain Code.  Since the plaintiffs agree that their claims should proceed under that statute, the court will grant the motions as unopposed.  The only count remaining in both complaints will be Count XIII.  The cases will continue under the Pennsylvania Eminent Domain Code, as appropriate. Accordingly:

**AND NOW**, to wit, this 5th day of July 2011, the Defendant's motions to dismiss (Doc. 15 in 10cv1381, Doc. 14 in 10cv1384) are hereby **GRANTED**.  The cases shall proceed pursuant to the Pennsylvania Eminent Domain Code, 26 Pa. C.S.A. § 101, et seq.

BY THE COURT:


s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT