IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT ALLEN FAY,** | : | No. 3:10cv1384 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **DOMINION TRANSMISSION, INC.,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Defendant Dominion Transmission, Inc. moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment of Plaintiff Scott Allen Fay's claim for taking under the Pennsylvania Eminent Domain Code. (Doc. 40). The parties have fully briefed the issues and this matter is ripe for disposition.

**Background**

Plaintiff Scott Allen Fay (hereinafter "plaintiff") initiated the instant action on June 11, 2010 by filing a fifteen count complaint against Defendant Dominion Transmission, Inc. (hereinafter "defendant") in the Court of Common Pleas of Tioga County, Pennsylvania. (Doc. 1-2, Compl.). In general, plaintiff's complaint alleges that, as a result of its operation of natural gas storage facilities near plaintiff's property, defendant has stored natural gas under plaintiff's property, extended a "buffer zone" to encompass part of plaintiff's property, and/or contaminated plaintiff's property and groundwater

supply.  (See id. ¶¶ 11-22).

Defendant removed this case to federal district court on July 6, 2010. (Doc. 1, Notice of Removal).  Plaintiff filed an amended complaint on August 25, 2010.  (Doc. 12-3, Am. Compl.).  The amended complaint contains thirteen counts.  Count I alleges trespass based on defendant placing natural gas storage facilities underneath plaintiff's land.  Count II alleges trespass based on the defendant's negligent creation of a "buffer zone" around plaintiff's property that encompasses at least some of plaintiff's land.  Counts III and IV allege unjust enrichment premised on defendant's unauthorized use of plaintiff's land for either gas storage or as a "buffer zone."  Counts V and VI are for conversion of plaintiff's right to make use of his natural gas and oil rights.  Count VII contends that defendant's storage of natural gas on plaintiff's land led to a chemical contamination of the surface of plaintiff's property and thus amounted to a chemical trespass.  Count VIII raises a claim for private nuisance as a result of defendant's unauthorized use of plaintiff's land for gas storage.  Count IX is a claim for negligence based on circumstantial evidence of defendant's alleged contamination of plaintiff's property. Count XI[1] seeks strict liability for defendant's alleged contamination

---

[1] Plaintiff's amended complaint strikes Count X.

of plaintiff's property. Count XIII[2] alleges that any claim made by defendant of a right to store natural gas under plaintiff's real property constitutes a taking under the Pennsylvania Eminent Domain Code. Count XIV asserts that defendant's claimed right to store natural gas under plaintiff's real property constitutes a taking under the United States Constitution. Count XV alleges that defendant's actions violate plaintiff's right to pure water under the Pennsylvania Constitution.

Defendant moved to dismiss all of the counts of plaintiff's amended complaint except for Count XIII–plaintiff's claim under the Pennsylvania Eminent Domain Code. (Doc. 14, Mot. to Dismiss). The court granted defendant's motion to dismiss on July 5, 2011, and Count XIII was the only count sent into discovery. (Doc. 28, Mem. & Order Dated July 5, 2011). Thus, the only question left before the court is whether defendant violated the Pennsylvania Eminent Domain Code, 26 PA. CONS. STAT. ANN. § 101, et seq.

Discovery is completed, and defendant has filed a timely motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 40, Def.'s Mot. for Summ. J.). The parties have briefed defendant's motion for summary judgment and filed statements of undisputed material facts, thus

---

[2] Plaintiff's amended complaint strikes Count XII.

bringing this case to its current posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Plaintiff is a Pennsylvania citizen.  Defendant is a Delaware corporation with its principal place of business in Clarksburg, West Virginia.  The amount in controversy exceeds $75,000.  Because the court is sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

With respect to the legal standard for summary judgment motions, the Third Circuit Court of Appeals has indicated that, despite being entitled to "'the benefit of all factual inferences in the court's consideration of a motion

for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum, or oral argument.'" Goode v. Nash, 241 F. App'x 868 (3d Cir. 2007) (quoting Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

Our local rules require that both the proponent and opponent to a motion for summary judgment file a statement of material facts. L.R. 56.1. With respect to the statement of material facts, our local rules specifically provide as follows:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. **Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements**. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Id. (emphasis added).

**Undisputed Material Facts**[3]

Defendant is an energy company that owns and operates, in whole or in part, underground natural gas storage fields in Tioga County, Pennsylvania. (Doc. 42, Def.'s Concise Statement of Undisputed Material Facts (hereinafter "Def.'s Facts") ¶ 1). The Federal Energy Regulatory Commission (hereinafter "FERC") regulates defendant, and, pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h), defendant has the power of eminent domain. (Id. ¶ 2).

Plaintiff owns two adjoining parcels of real property situated at 15781 Route 287, Tioga, Pennsylvania (hereinafter "the Property"). (Id. ¶ 3). A warehouse, two horse barns, a kennel and four occupied rental units are located on the Property. (Id. ¶ 14). The Property is also used for horse and mule grazing. (Id.) The Property is located in the same general vicinity as two underground natural gas storage fields–the Tioga Natural Gas Storage Field and the Meeker Natural Gas Storage Field–both of which plaintiff alleges in his amended complaint extend onto the Property.

---

[3] The parties largely agree with respect to the material facts of this case, and the court will cite the defendant's facts when stating the undisputed facts pertinent to this memorandum. The court will highlight differences between the parties' accounts; although, it should be noted that plaintiff's counter-statement of material facts lacks clear citations to the record, even though such citations are required by our Local Rules. See L.R. 56.1. As such, plaintiff is not entitled to the benefit of all factual inferences with respect to those paragraphs.

The Tioga Natural Gas Storage Field (hereinafter the "Tioga Field") is co-owned by defendant and UGI Storage Corporation/Central Penn Gas (hereinafter "UGI").[4]  (Id. ¶ 4).  Defendant operates the Tioga Field on behalf of UGI.  (Id. ¶ 5).  Natural gas produced elsewhere is injected underground at the Tioga Field during the summer months, and natural gas supplies are withdrawn from the Tioga Field during the winter when demand for natural gas is higher.  (Id. ¶ 6).  The Tioga Field storage area is surrounded by a buffer zone.  (Id. ¶ 8).  Both the Tioga Field storage area and buffer zone are established and imposed by FERC, which possesses jurisdiction over the Tioga Field.  (Id. ¶¶ 7-8).  FERC has certified the boundaries of the Tioga Field, and the Property is located outside both the Tioga Field storage area

---

[4] Plaintiff asserts in his counter-statement of material facts that "Dominion has alleged in Pleadings that UGI, a recently added co-defendant, is a necessary party defendant, missing and necessary in order to properly proceed with this action.  See pleadings." (Doc. 50, Response to Def.'s Concise Statement of Undisputed Material Facts & Pl.'s Counter-Statement of Undisputed Material Facts (hereinafter "Pl.'s Facts") ¶ 24).  This assertion is incorrect.  No co-defendant has been added in this matter.  No pleading supports the assertion that UGI is a necessary party, and defendant specifically denies that it made any such allegation.  (See Doc. 53, Def.'s Am. Reply in Supp. of Mot. for Summ. J. at 3).  Furthermore, federal rules preclude UGI, a Pennsylvania corporation, from being an indispensable party as its joinder would deprive the court of subject matter jurisdiction.  See FED. R. CIV. P. 19(a)(1).  It should be noted, however, that plaintiff has initiated a separate lawsuit against UGI, in which UGI is the sole defendant.  (See No. 3:12cv627).  Plaintiff's attempts to conflate these lawsuits are unsupported by the record.

8

and buffer zone. (Id. ¶ 9). Since it is located outside of the Tioga Field, the Property is neither leased by defendant as a part of the Tioga storage operation, nor is any part of the property used or occupied by defendant. (Id. ¶¶ 12-13). Defendant specifically disclaims any ownership interest, in whole or in part, of the Property. (Id. ¶ 13).

The Meeker Natural Gas Storage Field (hereinafter the "Meeker Field") is located south of the Tioga Field. (Id. ¶ 10). The Meeker Field is owned and operated by UGI. (Id.) Dominion has no interest in the Meeker Field.[5]

---

[5] Without distinguishing between the Tioga and Meeker Fields, plaintiff states the following in his counter-statement of material facts:

> 25. Dominion and UGI are de facto partners in the storage/transmission operation. See Plaintiff's expert report: VISTA p. 10 et seq.
>
> 26. The operation of the storage/transmission operation by Dominion Transmission and UGI cannot be divided into separate entities for purposes of litigation because of the de facto partnership. See Plaintiff's expert report: VISTA p. 10 et seq. Ex D 6.

(Pl.'s Facts ¶¶ 25-26). These confusing and ambiguous statements are not supported by the record and the court will afford them no weight in deciding the instant summary judgment motion. Plaintiff cites to page ten of the VISTA expert report to support these statements, but the VISTA report is only nine pages long. (See Doc. 39-1, VISTA Report). Furthermore, plaintiff's reference to "Ex D 6" is equally confusing. The only "exhibit D" attached to plaintiff's expert report is a one-page letter from defendant to FERC involving the Woodhall Storage Pool.

9

(Id. ¶ 11).

There is no evidence that the Property is contaminated. (Id. ¶ 17). No portion of the Property has been tested for contamination, including but not limited to heavy metal contamination, arsenic contamination or groundwater supply contamination. (Id. ¶ 16). Plaintiff's only evidentiary basis for alleging that his property is contaminated is through visual observation of what appeared to be contamination on a neighbor's property and through uncorroborated testing that occurred on that neighbor's property. (Id. ¶ 18).

Nothing in the record indicates that defendant's ownership and operation of the Tioga Field has prevented plaintiff from using, occupying or enjoying the warehouse, two horse barns, four rental properties or the grazing pastures of the Property. (Id. ¶ 15). Similarly, no evidence has revealed that defendant prevented plaintiff from entering into a lease for exploration, extraction, collection, removal or transport of natural gas deposits under the Property. (Id. ¶ 20). No feasibility study or analysis has been conducted on the potential for exploration, extraction, collection, removal or transport of any natural gas deposits located under the Property. (Id. ¶ 19). There have similarly been no feasibility studies or analyses on the potential for the

carrying of natural gas storage operations in or near the Property.[6] (Id. ¶ 22). Aside from defendant's rejection of plaintiff's offer to lease the Property, there is no evidence in the record to otherwise indicate that defendant prevented plaintiff from entering into a lease for the carrying on of natural gas storage activities on the Property. (Pl.'s Facts ¶ 23; Def.'s Facts ¶ 23; Doc. 42-2, Ex. B, Fay Dep. at 29-30).

**Discussion**

Plaintiff's claim under the Pennsylvania Eminent Domain Code fails as a matter of law because there is no evidence that defendant has stored natural gas under plaintiff's property, there is no evidence that the buffer zone for defendant's storage operation extends into plaintiff's property, and there is no evidence that defendant otherwise prevented plaintiff from using or enjoying his property to its fullest potential. As there is no genuine issue of material fact with respect to plaintiff's takings claim, the court will grant defendant's motion for summary judgment.

Under the Pennsylvania Eminent Domain Code, a landowner is provided with a means of obtaining damages when the landowner's property interest is

---

[6] Plaintiff admits that no such feasibility study has been conducted and asserts, without citation to the record, that he "did not personally wish to store gas on his property and would not require such studies." (Pl.'s Facts ¶ 22).

11

condemned without the official filing of a declaration of taking.  See 26 PA. CONS. STAT. ANN § 502(c).  Courts have described this provision of the Pennsylvania Eminent Domain Code as de facto taking, which "occurs whenever 'the entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property.'" Zettlemoyer v. Transcontinental Gas Pipeline Corp., 657 A.2d 920, 923 (Pa. 1995) (quoting Redevelopment Auth. of Oil City v. Woodring, 445 A.2d 724, 726-27 (Pa. 1982)).

Plaintiff asserts a claim of de facto taking and thus must establish three elements.  First, the alleged condemnor must possess the power of eminent domain.  In re Condemnation by Commw. of Pa., Dep't of Transp., of the Right-of-Way for State Route 0079, Section 290, a Ltd. Access Highway in the Twp. of Cranberry, 805 A.2d 59, 68 (Pa. Commw. Ct. 2002) (citing In re Jacobs Appeal, 423 A.2d 442, 443 (Pa. Commw. Ct. 1980)).  Second, the plaintiff must show "that there are exceptional circumstances that substantially deprive the property owner of the beneficial use and enjoyment of the property." Id. (emphasis in original) (citing Conroy-Prugh Glass Co. v. Dep't of Transp., 321 A.2d 598, 600 (Pa. 1974)).  Third, the plaintiff "must demonstrate that the deprivation is the immediate, necessary and

unavoidable consequence of the exercise of the power to condemn." Id. (citing In re Petition of 1301 Filbert Ltd. P'ship for the Appointment of Viewers, 441 A.2d 1345, 1352 (Pa. Commw. Ct. 1982)). The plaintiff in a de facto takings case "bears a heavy burden of proof, and 'each case turns on its unique factual matrix.'" Genter v. Blair Cnty. Convention & Sports Facilities Auth., 805 A.2d 51, 56 (Pa. Commw. Ct. 2002) (quoting Riedel v. Cnty. of Allegheny, 633 A..2d 1325, 1328 (Pa Commw. Ct. 1993)).

Here, the evidence in the record fails to satisfy the second element required, as a matter of law, to prove a de facto taking under Pennsylvania law.[7] As is further explained below, plaintiff can point to no genuine issue of material fact in support of the proposition that defendant's activities in the Tioga Field substantially deprive him of the beneficial use and enjoyment of his property.

When deciding whether a property owner has lost the beneficial use and

---

[7] Defendant admits that it is fully clothed with the power of eminent domain, thus plaintiff need not establish the first element needed to succeed in a de facto takings claim. (Doc. 41, Br. in Supp. of Def.'s Mot. for Summ. J. at 7). Defendant contests the existence of any evidence to prove the second and third elements needed to establish a de facto taking. Because the court agrees with defendant that no evidence exists with respect to the second element, which requires a showing of exceptional circumstances that substantially deprive the property owner of the beneficial use of the property, the court does not need to address defendant's argument with respect to the third element.

enjoyment of his property, courts examine the type of use the owner has given to the property. With respect to commercial properties, "the loss of value and the inability to rent or sell the property are obviously relevant to whether the property is no longer income-producing and thus whether it has lost its commercial use." Genter, 805 A.2d at 57 (citing Dep't of Transp. v. Kemp, 515 A.2d 62, 72 (Pa. Commw. Ct. 1986)). A property's beneficial use "includes not only its present use, but also all potential uses, including its highest and best use." Visco v. Dep't of Transp., 498 A.2d 984, 986 (Pa. Commw. Ct. 1985). "In the absence of evidence to the contrary, the presumption is that the property's present use is the highest and best use, and the burden is on the property owner to show that the property is adaptable for another use and that there is a need for another use." Id. (citing Shillito v. Metro. Edison Co., 252 A.2d 650, 651 (Pa. 1969)). Mere averments about changes in neighboring properties are insufficient to sustain a de facto takings claim. See Genter, 805 A.2d at 58. Furthermore, a plaintiff's speculation and conjecture that he will not be able to use his property for its best use is inadequate, as a matter of law, to demonstrate the second element needed to establish a de facto takings claim. See id. (finding that speculative and conjectural allegations are "insufficient to establish a de facto

taking as a matter of law."); In re Petition of 1301 Filbert Ltd. P'ship, 441 A.2d at 1360 ("The case at bar is one in which the claim of de facto taking is linked to an alleged injury that is not only prospective but is also speculative and conjectural.  For such circumstances our law of eminent domain does not in its present posture, provide relief.").

In the recent case of In re Borough of Blakely, the Commonwealth Court held that the property owner's claimed injuries were speculative and could not form the basis of a de facto takings claim.  25 A.3d 458, 467 (Pa. Commw. Ct. 2011).  The property owner in In re Borough of Blakely argued that the installation of a plastic drainage pipe prevented vehicular access to his property, thus prohibiting its development.  Id. at 465.  The court found that the property owner's alleged inability to use his property was speculative after noting that the property owner failed to speak to an architect or engineer about potentially developing the property, failed to file a formal petition before the Borough Planning Commission and failed to speak with anyone about the zoning permits needed for the development.  See id.

In the instant case, plaintiff points to no evidence in the record to support the proposition that he has been substantially deprived of the

Case 3:10-cv-01384-JMM   Document 54   Filed 07/24/12   Page 16 of 18

beneficial use and enjoyment of his property.[8]  It is undisputed that defendant does not use or occupy any part of plaintiff's property.  (Def.'s Facts ¶ 13; Pl.'s Facts ¶ 13).  Additionally, defendant does not store natural gas under plaintiff's property, and the "buffer zone" imposed on the area surrounding defendant's storage operation does not extend to plaintiff's property.  (Def.'s Facts ¶¶ 9, 12; Pl.'s Facts ¶¶ 9, 12).

Moreover, the record is devoid of any admissible evidence indicating that defendant's activities deprive plaintiff of the ability to make the best and most productive use of his property.  Plaintiff has consulted no one and taken no steps to drill for, transport or store natural gas on his property.  (Def.'s Facts ¶¶ 14-20, 22-23; Pl.'s Facts ¶¶ 14-20, 22-23).  Like the property owner in In re Borough of Blakely, any assertion that plaintiff cannot develop his property to the fullest extent is mere speculation and conjecture.  Accordingly,

---

[8] Plaintiff does not attempt to argue in his brief in opposition that a genuine issue of material fact exists with respect to his takings claim.  Rather, plaintiff poses the puzzling and irrelevant question of "Whether Dominion and UGI are co-related in such a way that it can be inferred that they operate the facility jointly."  (Doc. 47, Br. in Opp'n to Def.'s Mot. for Summ. J. at 3).  Plaintiff does not cite to the record or supporting law in discussing defendant's relationship to UGI.  Plaintiff makes no attempt to distinguish between the Tioga and Meeker Fields.  Plaintiff would have the court deny the motion for summary judgment and impute UGI's ambiguous and unspecified actions onto defendant despite the fact that no evidence exists in the record to indicate that UGI and defendant are anything other than discrete corporate entities.

16

the court finds that plaintiff's claim for de facto taking fails as a matter of law.

**Conclusion**

For the reasons stated above, the court finds that plaintiff's claim under the Pennsylvania Eminent Domain Code fails as a matter of law. Thus, the court will grant defendant's motion for summary judgment.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT ALLEN FAY,** | : | No. 3:10cv1384 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **DOMINION TRANSMISSION, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to with, this 24th day of July 2012, Defendant Dominion Transmission Inc.'s motion for summary judgment (Doc. 40) is hereby **GRANTED** and the case against Defendant Dominion Transmission Inc. is dismissed. The Clerk of Court is directed to enter judgment in favor of Defendant Dominion Transmission Inc. and **CLOSE** this case.

                                        **BY THE COURT:**

                                          s/ James M. Munley
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**